IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**RODNEY LEE TONEY,**

      **Plaintiff,**

v.                                                    Case No. 3:20-cv-00596

**WEST VIRGINIA REGIONAL
MEDICAL STAFF,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 4), and Plaintiff's Amended Complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 5). The undersigned notes that Plaintiff's Application is incomplete. Before the Application can be accepted for review, Plaintiff must have the institution of incarceration complete the certificate on the second page of the Application and attach the ledger sheet described under Question No. 1. For that reason, Plaintiff is hereby **ORDERED** to pay the filing fee of $400, or submit to the Court a completed Application to Proceed Without Prepayment of Fees and Costs, which includes the institution certificate. **Plaintiff is notified** that failure to pay the fee or submit the completed application as instructed within **thirty (30) days** of the date of this Order shall result in a recommendation that the complaint be dismissed.

In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to

1

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff alleges that he was denied medication for a week and now cannot feel his arm or hold a cup. As currently written, Plaintiff's amended complaint fails to state a claim that can withstand initial review. The amended complaint simply lacks sufficient detail to determine if a valid claim exists.

The Eighth Amendment to the United States Constitution requires the State to provide its prison inmates with basic medical care. *Estelle v. Gamble,* 429 U.S. 97, 103, (1976). A prison official violates this constitutional guarantee when he responds to a prisoner's serious medical need with deliberate indifference. *Estelle,* 429 U.S. at 104; *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Therefore, to state a cognizable Eighth Amendment claim, an inmate must meet two prongs, one objective and one subjective. First, the inmate must demonstrate the existence of a medical condition or need that is **objectively serious**. *Estelle,* 429 U.S. at 104. Second, the inmate must show that the official **subjectively knew of, but disregarded**, "an excessive risk to inmate health or safety." *Farmer,* 511 U.S. at 837. A prison official is not liable under the Eighth

Amendment if a reasonable response is made, "even if the harm ultimately [is] not averted." *Odom v. South Carolina DOC,* 349 F.3d 765, 770 (4th Cir. 2003) (*citing Farmer,* 511 U.S. at 844). To establish that a prison official's actions constitute deliberate indifference to a serious medical need, "the treatment must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990). Accordingly, Plaintiff must set forth facts in his complaint that meet the standard of an Eighth Amendment violation. A mere difference of opinion about whether medical care is needed is usually insufficient to maintain a valid cause of action. Therefore, when and if Plaintiff amends his complaint to assert an Eighth Amendment claim, he should bear these standards in mind.

In addition to the legal principles set forth above, Plaintiff's claim is governed by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e). The PLRA expressly prohibits the filing of civil actions by prisoners "confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody **without a prior showing of physical injury**." (emphasis added). Although the PLRA does not define "physical injury" and the Fourth Circuit has not provided a definition, other courts have held that the "physical injury" referenced by the Act need not be significant, but it must be more than *de minimis. See, e.g., Flanory v. Bonn,* 604 F.3d 249, 254 (6th Cir. 2010); *Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1312–13 (11th Cir. 2002); *Siglar v. Hightower,* 112 F.3d 191 (5th Cir. 1997); *Zehner v. Trigg,* 952 F. Supp. 1318 (S.D. Ind. 1997). In addition, "[a] plaintiff seeking compensatory damages for emotional distress cannot rely on conclusory statements that the plaintiff suffered emotional distress [or] the mere fact that a constitutional violation occurred, but, rather, the testimony must establish that the plaintiff suffered demonstrable emotional distress,

which must be sufficiently articulated." *Knussman v. Maryland*, 272 F.3d 625, 640 (4th Cir. 2001), *quoting Price v. City of Charlotte*, 93 F.3d 1241, 1254 (4th Cir. 1996) (internal quotation marks omitted).

In light of the governing standards and principles, Plaintiff must amend his amended complaint in order for the undersigned to complete a preliminary review of the merits and rule on the motion to proceed *in forma pauperis*. Without such an amendment, Plaintiff's amended complaint will be subject to dismissal. Therefore, Plaintiff is **ORDERED** to amend his complaint within **forty-five (45) days** and cure the following deficiencies in pleading as indicated below:

1. Plaintiff must set forth a factual basis upon which the Court can conclude that the defendants were deliberately indifferent to a serious medical need. Accordingly, Plaintiff must include *factual* allegations setting forth the nature of his serious medical need, when he sought treatment for the medical need, and describing how each individual defendant was made aware of the need, but deliberately ignored it.

3. Plaintiff must provide more detail about the medication he was denied and the nature of the physical and emotional injuries he claims to have suffered as a result of the alleged lack of medication.

**Plaintiff is hereby given notice** that a failure to amend the amended complaint as ordered may result in a recommendation that the complaint be dismissed for failure to state a claim under 42 U.S.C. § 1983 and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1. **Plaintiff is also reminded** of his obligation to promptly notify the Clerk of Court of any change in his contact information.

Plaintiff's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), shall be held in abeyance pending its completion and the initial review of Plaintiff's

second amended complaint, or pending other further proceedings in this case.

The Clerk is instructed to provide a copy of this order to Plaintiff.

**ENTERED:** September 24, 2020

Cheryl A. Eifert
United States Magistrate Judge